United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-10977

AMERISTAR JET CHARTER, INC.,

Plaintiff - Appellee - Cross Appellant,

versus

SIGNAL COMPOSITES, INC., Etc.; ET AL.,

Defendants,

SUSANNE STEHR,

Defendant - Appellant - Cross Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas, Dallas
3:01-CV-64-M
--------------------

Before KING, Chief Judge, and BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Susanne Stehr appeals from the district court's judgment finding her liable to Ameristar Jet Charter, Inc. for conspiracy to commit fraud and finding her jointly and severally liable to Ameristar for $432,099.60 in compensatory damages. Ameristar cross-appeals the damages award. After reviewing the pleadings and hearing oral argument, we affirm the judgment of the district court for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the following reasons:

1. The pretrial order provided adequate notice to Stehr of Ameristar's claim for conspiracy to commit fraud. *See Thrift v. Hubbard*, 44 F.3d 348, 356 (5th Cir. 1995) ("Under the Federal Rules of Civil Procedure, a pleading, or pretrial order, need not specify in exact detail every possible theory of recovery--it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

2. The district court did not clearly err in concluding that Durrani acted in a dual capacity on behalf of Signal Composites, Inc. d/b/a Signal Aerospace ("Signal") and Aerospace Logistics. *See* FED. R. CIV. P. 52(a). The district court's finding is supported by evidence in the record that Durrani worked for Signal as a business consultant and that he was paid consulting fees through Aerospace Logistics.

3. There was sufficient evidence presented at trial for the district court to reasonably conclude that Stehr knowingly participated in the conspiracy to commit fraud. The district court's finding is not clearly erroneous. *See id.*

4. The district court did not clearly err in awarding damages. The district court's calculation of benefit-of-the-bargain damages is plausible in light of conflicting evidence in the record as to the value of the liners as represented. *See St. Martin v. Mobil Exploration & Producing U.S. Inc.*, 224 F.3d 402, 410 (5th Cir. 2000).

For these reasons, we affirm the judgment of the district court.

AFFIRMED.